MINNIE VOGE v. R. L. PENNEY and Another.

December 16, 1898.

Nos. 11,299—(79).

| 74 | 525 |
| 75 | 262 |
| 74 | 525 |
| 77 | 42 |

New Trial—Evidence Insufficient to Sustain Verdict—Abuse of Discretion.

The preponderance of the evidence against a verdict may be so great that it would be an abuse of discretion to deny a new trial, and submit the case to another jury, although there was some evidence to support the verdict, and for this reason the court would not have been justified in directing a verdict. *Held*, that this was such a case.

Order Granting a New Trial—No Reversal Because Wrong Reason for Order Has Been Given.

If a party is entitled to a new trial under a proper exercise of judicial discretion, the order granting it will not be reversed because the court

may have acted on some erroneous view of the law, or of the force of the evidence.

From an order of the probate court for Hennepin county, disallowing the promissory note in suit as a claim against the estate of Elisha Rivenburgh, the claimant appealed to the district court for that county. From an order of the latter court, McGee, J., setting aside a verdict for plaintiff, and granting the motion of the administrators of the estate for a new trial, the claimant appealed. Affirmed.

*Day & Enches* and *Louis A. Reed*, for appellant.

A mere difference of opinion between the court and the jury does not warrant the former in setting aside the finding of the latter. Hilliard, New Trials, 448; De Tastet v. Boring, 11 East, 265; Giles v. State, 6 Ga. 276; McGatrick v. Wason, 4 Oh. St. 566; French v. Millard, 2 Oh. St. 45, 53. There must be a total want of evidence to sustain the verdict, to justify the court in setting it aside as a matter of law. Hilliard, New Trials, 456; French v. Roll, 24 Ga. 171; Smith v. Tiffany, 36 Barb. 23; Bush v. Kindred, 20 Ill. 93; Hammond v. Wadhams, 5 Mass. 352; Bennett v. State, 8 Eng. (Ark.) 694; Leonard v. Green, 30 Minn. 496; Rheiner v. Stillwater St. Ry. & T. Co., 29 Minn. 147. The jury are the exclusive judges as to the weight of the evidence and the credibility of the witnesses. Hilliard, New Trials, 454; Walker v. Walker, 11 Ga. 203; 1 Greenleaf, Ev. § 49; Smith v. Pearson, 44 Minn. 397.

A new trial will not be granted because the evidence is suspicious. Hilliard, New Trials, 466–489; Holman v. Dord, 12 Barb. 336; Beck v. Massey, 11 Rich. 614; Dexter v. Cole, 6 Wis. 320. Nor will a verdict rendered on conflicting evidence be disturbed on appeal, as against the weight of evidence, where there is competent evidence reasonably tending to sustain it. Davis v. Smith, 7 Minn. 328 (414); Heinlin v. Fish, 8 Minn. 48 (70); Allen v. Chicago, M. & St. P. Ry Co., 44 Minn. 165; Bergloff v. Mille Lacs L. Co., 47 Minn, 564. Or where different persons might reasonably draw different conclusions. Eich v. Taylor, 17 Minn. 145 (172); Linn v. Rugg, 19 Minn. 145 (181); Abbett v. Chicago, M. & St. P. Ry. Co., 30 Minn. 482. See Derby v. Gallup, 5 Minn. 85 (119); Smith v. Dukes, 5 Minn. 301

(373); Schwartz v. Germania L. Ins. Co., 21 Minn. 215; Valerius v. Richard, 57 Minn. 443; In re Hummel's Estate, 55 Minn. 315.

A verdict rendered in the district court, on appeal from the probate court, is governed by the same rules, as to its conclusiveness, as a verdict rendered in any other action. In re Penney's Will, 27 Minn. 280.

*Penney & McMillan*, for respondent.

An order granting a new trial on one ground, when requested upon another ground, may be modified. Kernan v. St. Paul City Ry. Co., 64 Minn. 312; Crane v. Knauf, 65 Minn. 447. It is immaterial whether the trial judge was right or wrong in his opinion regarding the evidence. Brown & Haywood Co. v. Chadbourn, 62 Minn. 253. If the order granting a new trial was made in the exercise of discretion, the case would come under the familiar and oft-repeated rule of law, under which this court declines to interfere with an order of the trial court granting a new trial. Reynolds v. Reynolds, 44 Minn. 132; Hicks v. Stone, 13 Minn. 400 (434).

It is only when the preponderance of the evidence is manifestly and palpably in favor of the verdict, that it becomes a duty of the reviewing court to reverse an order granting a new trial. Siebert v. Mainzer, 26 Minn. 104; Rheiner v. Stillwater St. Ry. & T. Co., 29 Minn. 147; Hensel v. Chicago, St. P., M. & O. Ry Co., 37 Minn. 87; Chesley v. Mississippi & R. R. Boom Co., 39 Minn. 83; Smith v. St. Paul & D. R. Co., 44 Minn. 17; Lundell v. Ahlman, 53 Minn. 57; Maxfield v. Auerbach, 60 Minn. 272. In such cases, great weight will be given by the appellate court to the opinion of the trial court. Sheehan v. Dowling, 55 Minn. 289; Siebert v. Mainzer, supra; Pratt v. Pioneer Press Co., 30 Minn. 41; Hensel v. Chicago, St. P., M. & O. Ry. Co., supra. A court, or jury, is not bound to accept testimony as true because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which, alone or in connection with other circumstances in evidence, satisfy them of its falsity. Anderson v. Liljengren, 50 Minn. 3; Hawkins v. Sauby, 48 Minn. 69.

On its face, and unexplained, the note in suit cannot be regarded as decedent's note. See Steininger v. Hoch, 39 Pa. St. 263.

MITCHELL, J.

After the death, in April, 1896, of Elisha Rivenburgh, who left quite a large estate, consisting of cash, notes and mortgages for money loaned and real estate, the appellant Minnie Voge, who, with her family, had lived with the deceased from 1864 to 1885, and during that time had access to all parts of the house, presented as a claim against his estate a note for $950, executed to her by the deceased, dated May 4, 1881, payable on demand, and bearing interest at 10 per cent. per annum. The defenses interposed by the estate were payment and the statute of limitations. The probate court disallowed the claim, whereupon the claimant appealed to the district court, in which the trial resulted in a verdict in favor of the claimant. The estate thereupon moved for a new trial on the ground that the verdict was not justified by the evidence. The court granted the motion, but in his order, and as a part of it, the judge incorporated the following:

"I conceive the testimony, especially when taken in connection with an inspection of the original documentary evidence, to be so far conclusive as to enable me to say that the verdict is not either warranted or supported by the evidence, and I have set it aside solely on the grounds last stated, and not, in the exercise of discretion, on the ground merely that the verdict is unsatisfactory."

From this order the claimant appealed.

The sole controversy on this appeal is as to the effect of incorporating this statement in the order granting a new trial, the appellant contending that it shows that the court did not grant the new trial as an exercise of any discretion, but on the ground that there was no evidence at all to justify the verdict; and therefore, if there was any evidence sufficient to require the case to be submitted to the jury, the order must be reversed. We shall assume that this is a correct rule as applied to all cases where the evidence is such that the court, in the proper exercise of its judicial discretion, would have been justified either in granting or refusing a new trial.

As we have concluded that the order appealed from must be affirmed, and a new trial had, it is unnecessary, as well as inexpedient, to discuss the evidence at length. It is sufficient to say that

the testimony of appellant was that the note in question is now in the same condition as when it was delivered to her by the deceased, except the two indorsements of small payments, which are in the handwriting of her daughter, and but for which the note would have been long since barred by the statute of limitations. The face of the note does not contain the signature of the deceased, but at the place where the maker of a note usually signs, a portion of the paper has been torn off, the paper now having the appearance of a note where the signature of the maker has been removed.

The signature of the deceased appears on the back of the note, and near one end of it, and immediately below it, and apparently written with the same pen and ink, and by the same person, are the words and figures, "Note, $950." The contention of the estate is that the note was paid and taken up by the deceased, who tore off his signature, and then, in accordance with his usual business habit, as shown by numerous documents found among his papers, made this memorandum on the back to indicate who was the maker and what was the amount of the note; that this paper had been subsequently abstracted from among his papers by the appellant, and the indorsements of payments made in order to avoid the statute of limitations.

The testimony of appellant is to the effect that the deceased wrote the note on a long piece of legal cap paper and, when he finished it, it was so close to other written matter below it that there was no room for his signature at the foot; that he then took a knife, and cut across the paper between the note and the writing below, pulled the paper apart where the cut had been made, turned the paper over and wrote his signature on the back of it, and delivered it to the appellant; that in pulling the paper apart the tear left the partial cut and detached a small piece above the cut, where the signature of a maker would naturally be.

It could not be held as a matter of law that there was no evidence to justify a verdict for the plaintiff, for appellant's testimony was not physically impossible, and its truth or falsity was a question for the jury. Hence it was not a case where the court would have been justified in directing a verdict for the estate. But the testimony of the appellant is so inherently improbable, so strongly im-

74 M.—34

peached by the documentary evidence in the case, so inconsistent with the pecuniary condition and general business habits of the deceased and with the subsequent conduct of the parties, that we have no hesitation in saying that the verdict was against the great preponderance of the evidence, and that the vast weight of the documentary and other circumstantial evidence tended to show that the facts were in accordance with the contention of the estate that the note had been paid by the deceased, and that the claim of the appellant was a corrupt scheme to defraud his estate after his death.

Under such a state of facts, and especially as the lips of the deceased were closed in death, we are of the opinion that it would have been a clear abuse of discretion on part of the trial court not to grant a new trial, and submit the case to another jury, although there was some evidence tending to support the verdict; and that, if he had refused a new trial, it would have been reversible error. We think a court may be guilty of an abuse of discretion in granting or refusing a new trial as well as in deciding any other matter which is, in a general sense, addressed to its judicial distinction. Hence, the estate being entitled, under a proper exercise of the judicial discretion, to a new trial, the order granting it ought to be affirmed, although the trial judge may have granted it on an erroneous view of the law or of the force of the evidence.

Order affirmed.