JAMES AMOR v. GEORGE STOECKELE and Others.

May 5, 1899.

Nos. 11,549—(105).

Promissory Note—Indorser—Demand and Notice of Nonpayment— Promise to Pay by Indorser, after Knowledge of Laches, Is a Waiver.

A promise to pay a note after maturity by an indorser, or a part payment thereon by him, with full knowledge of the laches of the holder in respect to demand and notice of nonpayment, constitutes a waiver of such laches.

Same—Burden of Proof of Knowledge of Laches upon Plaintiff.

Where it appears that no demand of payment was in fact made, the burden is on the plaintiff to show that the indorser had knowledge of the laches when he made the promise of payment.

Witness upon Former Trial—Use of Stenographer's Notes—Foundation for Evidence.

The testimony of a witness on a former trial may be shown by the

stenographer who took it, who may use his original notes to refresh his memory, and read the testimony therefrom in cases where he cannot speak from memory as to the facts, or from a transcript of his notes, on proof being made accounting for the nonproduction of the original and showing the correctness of the transcript, but it is error to permit him to read from such transcript without laying such foundation therefor.

Action in the district court for Hennepin county by the administrator of the estate of Theodore Gill, deceased, to recover a balance of $153 due on a promissory note executed by defendants George Stoeckele and Rose Stoeckele to the order of defendant J. M. Davis and by him indorsed and transferred to decedent. The case was tried before Lancaster, J., and a jury, which rendered a verdict in favor of plaintiff and against defendant Davis for $165.82; and from an order denying a motion for a new trial, defendant Davis appealed. Reversed.

*S. Meyers*, for appellant.

*Ferree & Mead*, for respondent.

START, C. J.

The complaint herein alleged that the defendant Davis sold and indorsed before its maturity, and for value, a promissory note for $250, payable to his order, to the plaintiff's intestate; that no demand was made upon the makers of the note when it became due, but that the defendant waived such demand; and, with full knowledge that such demand had never been made, he afterwards, and on October 12, 1897, made a payment thereon of $13.25. These allegations were put in issue by the answer. Verdict for the plaintiff against the defendant for the amount due on the note, and he appealed from an order denying his motion for a new trial.

A promise to pay a note after maturity by an indorser, or a part payment thereon by him, with full knowledge of the laches of the holder in respect to demand and notice of nonpayment, constitutes a waiver of such laches, and binds the indorser, so that he will not afterwards be permitted to set up the defense that the demand and notice were not in fact made and given. 2 Daniel, Neg. Inst. §§ 1147–1165; 4 Am. & Eng. Enc. (2d Ed.) 463, 464. Where, as in this case, it appears that no demand of payment was in fact made, the burden is on the plaintiff to show that the indorser had full

knowledge of the laches when he made the promise or payment. Trimble v. Thorne, 8 Am. Dec. 304, note. To show such knowledge on the part of the defendant, the plaintiff on the trial attempted to prove certain alleged admissions made by the defendant in giving his testimony on a former trial of this case. For this purpose he called the court stenographer who took such testimony, who testified as follows:

"I acted as stenographer of this court in the first trial of this case, and took and heard the testimony of Mr. J. M. Davis when he was on the stand the first time. Q. (Showing witness transcript of testimony of J. M. Davis, given in the first trial of this case.) Now, this is a transcript which I asked you to prepare? A. Yes. Q. Now, refreshing your memory from that, I will ask you to testify. Read the testimony from that pencil mark down,"

—To which the defendant interposed the objections, with others, that it was incompetent, and no foundation laid for its admission. The objections were overruled, exception duly taken, and the witness then read from the transcript what purported to be the testimony of the defendant on the former trial. This was error, for, in effect, the transcript was received in evidence without laying any foundation for its admission. The testimony of a witness on a former trial may be shown by calling the official stenographer who took it, who may use his original notes to refresh his memory in cases where he cannot speak from memory as to the facts, or from a transcript of his record, on proof being made of the loss of the original and that the transcript is correct. See Stahl v. City of Duluth, 71 Minn. 341, 74 N. W. 146. In the case at bar the nonproduction of the original notes was not accounted for, nor was there the slightest evidence as to the correctness of the transcript. The incompetent evidence so received related to a material issue which the plaintiff was bound affirmatively to establish, and necessarily the error was prejudicial.

Order reversed, and a new trial granted.