COMMONWEALTH vs. WILLIAM S. BUXTON.

Suffolk.   January 4, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Evidence,* Of speed, Experiments, Competency, Best and secondary.   *Automobile.*

At the trial of a complaint for operating an automobile at a rate of speed exceeding twelve miles an hour in violation of a lawful regulation of a board of park commissioners, the Commonwealth offered in evidence an instrument called a photo-speed-recorder, which had been used by the witness who produced it to ascertain the speed at which the defendant's automobile was moving at the time in question, and which consisted of two photographic cameras set side by side, provided with a mechanism which automatically exposed one of the cameras one second before the other one, and also provided with a chronometer arranged as a stop watch.   To determine speed by the use of the instrument a formula was employed which made it necessary to know the distance of the external object from the lens of the camera and the distance of the image on the photographic plate from the lens as well as the size of the object and the size of the image.   The Commonwealth offered to show that the witness who tested the speed of the defendant's automobile by the use of the instrument, before making the test, had been furnished with and knew the distance of the image from the lens in each camera and that he had photographed ten times with each camera an object at distances varying from thirty to three hundred feet, that he had measured the length of the object and by means of the formula had calculated the distance of the object from the camera, and that afterwards he had measured this distance with a tape and found it to be the same as shown by the estimate.   The defendant objected to the evidence of the experiments as inadmissible because of the insufficiency of the experiments and because of the difference of the conditions from those under which the speed of his automobile while in motion was tested by the use of the instrument.   *Held,* that the question whether evidence of experiments should be admitted depends largely on the discretion of the trial judge, and that this court could not say as matter of law that the evidence did not justify the judge in coming to the conclusion that the experiments would be useful in determining the speed of the car.

In order that experiments made by means of a machine or mechanical instrument should be admissible in evidence it is not necessary that the machine or instrument should have been operated by an expert, if there is evidence tending to show that accurate results can be reached by the use of the machine by one not an expert.

At the trial of a complaint for operating an automobile at a rate of speed exceeding twelve miles an hour in violation of a lawful regulation of a board of park commissioners, the Commonwealth offered in evidence an instrument called a photo-speed-recorder, which had been used by the witness who produced it to ascertain the speed at which the defendant's automobile was moving at the time in question, and which consisted of two photographic cameras set side by side, provided with a mechanism which automatically exposed one of the cameras one second before the other one, and also provided with a chronometer arranged as a stop

watch. The Commonwealth offered to prove that the chronometer contained in the instrument had been compared by the witness with stop watches carried by two other witnesses and also with the standard chronometer in the physical laboratory of the Massachusetts Institute of Technology and had been found in each case to be accurate. *Held*, that this evidence was admissible and justified the trial judge in submitting the question of the accuracy of the chronometer to the jury, and that the evidence also was sufficient to warrant a finding by the jury that the chronometer was a correct recorder of time.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on April 28, 1909, for a violation of the rules and regulations of the board of park commissioners of the city of Boston, by operating an automobile on Commonwealth Avenue within the jurisdiction of said commissioners at a rate of speed exceeding twelve miles an hour on April 27, 1909.

The defendant was found guilty and was sentenced to pay a fine of $20. He appealed to the Superior Court.

In the Superior Court the case came on to be tried before *Wait*, J., upon an agreed statement of facts. After certain rulings, which are stated below, had been made by the judge, the defendant agreed that a verdict of guilty might be ordered, and alleged exceptions which were allowed by the judge.

The "agreed statement of facts," which included also a statement of the rulings of the judge upon the evidence offered, was as follows:

"1. It was agreed that on or about the twenty-seventh day of April, 1909, the defendant was operating a certain automobile on Commonwealth Avenue, in the city of Boston, on that portion of said avenue which lies to the west of Beacon Street, and that the evidence offered by the Government, if competent, would establish that the defendant was then and there operating said automobile at a rate of speed prohibited by law.

"2. The Government, in order to prove the speed of said automobile on said occasion, offered in evidence a certain instrument, called a 'Photo-Speed-Recorder,' which had been used by the witness producing it to ascertain the speed of the automobile at the time of the alleged violation of the law. This instrument consists of two similar photographic cameras, set side by side in the same box. It is arranged so that each camera takes a picture

with an exposure of approximately one hundredth of a second, and is provided with a mechanism which automatically exposes one camera approximately one second after the other one.

" 3. The apparatus is also provided with a chronometer of a stop watch variety so arranged that the shadow of a dial divided into thirtieths of a second is shown, together with the shadow of the hand in its position on the dial, upon the plate in each separate camera, and this is simultaneous with the exposure of the plate in each camera.

" 4. In order to use the apparatus for determining speeds the following rule is employed : The distance of any external object from the lens of a camera is as many times greater than the distance of the image on the photograph plate from the lens as the size of the object is greater than the size of the image. Or, as otherwise expressed : The distance of the object equals the distance from the image to the lens times length of object divided by length of image.

" 5. In order to prove that the instrument offered in evidence and which was used to test the speed of the automobile in question, when employed in conjunction with the aforesaid rule, was adapted correctly to ascertain distances, the Government offered the following proof : That the witness who made the test in question had, previous to making said test, been furnished with and knew the distance of the image from the lens (i. e. focal length) in each camera; that he had eight or ten times photographed, with each camera, an object at distances varying from thirty to three hundred feet; that he had measured the length of the object; that by employing the focal length, as given to him, the length of object and the length of image (when developed on photographic plate) in their proper places in the aforesaid formula, he had calculated in reference to each of the tests in the aforesaid series, and in reference to each of the cameras as respectively involved therein, the distance from camera to object; that the witness had measured with a tape the corresponding distances from camera to object, and that as measured and as experimentally obtained the results agreed in each case.

" 6. The judge ruled that this evidence was competent and admissible for the purpose offered, to which ruling the defendant excepted.

" 7. The 'Photo-Speed-Recorder' was used by the witness in the method above described to photograph the rear of the defendant's receding automobile. Then measurements were made by him of the wheel tread (i. e. the distance from the middle line of the tire of one of the rear wheels to the corresponding point on the other rear wheel) of the image on the photographic plates, and of the corresponding length on the automobile. The figures thus obtained, together with the focal length as previously verified, were employed in their proper places in the aforesaid formula, and the distance from the camera to the automobile at the instant of each exposure was thus calculated. Subtracting one distance from the other gave the distance travelled by the automobile between the times of the two exposures. Reading of the watch hand shadow cast with the dial shadow upon the plate gave the time between the two exposures. Making the usual reductions of elapsed time from seconds to hours and of the distance covered from feet and inches to miles, the speed in miles per hour was calculated and found by the witness to be twenty-seven and two tenths.

" 8. The Government offered to prove that the chronometer contained in the instrument had been compared by the witness with stop watches carried by two other witnesses and also with the standard chronometer in the physical laboratory of the Massachusetts Institute of Technology and had been found in each case to be accurate.

" 9. The judge ruled that said evidence referred to in paragraph 8 was competent, and the defendant excepted to said ruling because no proof was offered as to the correct construction of said chronometer, nor was any proof offered to show that it had been compared with any other timepiece, the correctness of which was proved or could be judicially accepted without proof.

" 10. To the ruling of the judge that the evidence as set forth in paragraphs 5 and 8 was competent, the defendant excepted."

The case was submitted on briefs.

*P. R. Dunbar*, for the defendant.

*M. J. Dwyer*, Assistant District Attorney, for the Commonwealth.

HAMMOND, J. The defendant contends that the apparatus offered was inadmissible first, because of the " insufficiency of

. . . [the] . . . *ex parte* experiments intended to show the reliability of the machine," and second, because of the failure of the Commonwealth " to show the trustworthiness of said stop watch mechanism, an integral part of the apparatus." ) In support of the first objection he insists that the evidence of the experiments described in the fifth paragraph of the "agreed statement of facts" was inadmissible and the experiments themselves insufficient because the conditions under which the experiments were performed differed from those under which the experiment in the case in question was performed, the difference being that in the former the apparatus was used to photograph a stationary object, while in the latter the object was moving; and also that in the former the apparatus was used only to ascertain distance, while in the latter it was used to ascertain something more, namely, "speed as shown by both distance and time."

As a rule the question whether evidence of experiments shall be admitted depends largely upon the discretion of the trial judge; and his action in the exercise of this discretion will not be reversed unless plainly wrong. *Field* v. *Gowdy*, 199 Mass. 568, and cases cited. In this case the result of the experiments did not depend upon the fluctuations of human agencies, nor on conditions whose relations to the result were uncertain, but upon the immutable working of natural laws ; and upon the evidence the presiding judge may well have found that such experiments were likely to be more reliable as to the speed of the automobile than the conjectural statement of an eye witness or the interested statement of a chauffeur. We cannot say as matter of law that the evidence would not justify the judge in coming to the conclusion that the experiments would be useful in determining the speed of the car. Indeed it would seem desirable to have some machine whose action being dependent upon the uniform working of the laws of nature would record the speed of a moving object.

Nor is the fact that the experimenter was not an expert fatal to the introduction of the machine. A man may testify to the existence of thunder and lightning and the disastrous results therefrom without being an expert on electricity or electrical phenomenon. For a discussion of the law relating to the admissibility of experiments see among other cases *Baker* v. *Harrington*, 196 Mass. 339, and cases cited.

The evidence as to the accuracy of the chronometer was admissible and justified the trial judge in submitting that question to a jury. Moreover it was sufficient to warrant a finding by the jury that the chronometer was a correct recorder of time.

It follows that there was no error in admitting the instrument in question, or the evidence as to its construction, or that relating to the experiments.

*Exceptions overruled.*