GEASON, Respondent, vs. SCHAEFER, Appellant.

*September 12—October 11, 1938.*

*Edwin B. Stillman* of Waukesha, for the appellant.
*Bert Dandoy* of Milwaukee, for the respondent.

FRITZ, J.   The collision involved in this action occurred at the "T" intersection of Highways Nos. 83 and 19, west of Hartland.   At that place No. 83, coming from the south, enters No. 19, which runs in an easterly and westerly direction, but does not extend to the north of No. 19.   The plaintiff, driving a motorcycle, was following the automobile operated by the defendant, Lester Schaefer, on No. 19 as they approached the intersection from the east.   The collision occurred when the plaintiff's motorcycle, upon his overtaking and attempting to pass to the south of the defendant, sideswiped his automobile, as he was turning southward to go that way on No. 83.   The jury found each of the parties guilty of causal negligence in respect to keeping a lookout, and the management and control of the vehicle which he was operating; but that only twenty-five per cent of the total negligence was attributable to the plaintiff.

On this appeal Schaefer assigns as error the court's failure to give his requested instructions that "the intersection of Highways No. 19 and No. 83 is the area within the prolongation of the lateral boundary lines of said Highways No. 19 and No. 83 and it is immaterial as far as the boundaries of the intersection are concerned that Highway No. 83 does not cross No. 19;" and that "it is unlawful for the operator of any vehicle to overtake and pass any other vehicle at an intersection of highways."   The court did not consider those in-

structions applicable in that, because No. 83 did not continue to the north of No. 19 at that place, it was not a through intersection. That, however, was not necessary under the provisions of secs. 85.10 (22) and 85.16 (6), Stats., upon which the requested instructions were based. Under the section first cited the word "intersection" is defined as "the area embraced within the prolongation of the lateral curb lines or, if none, then within the lateral boundary lines of two or more highways which join one another at an angle, *whether or not one such highway crosses the other.*" Consequently, the area embraced within the prolongation of the lateral boundary lines of Highways Nos. 19 and 83 at the junction in question constituted an intersection (as that word is used in secs. 85.10 to 85.86, Stats.), even though Highway No. 83 did not cross or extend to the north of No. 19. Although there was a conflict in the evidence as to whether the collision occurred within that area, there was testimony which, if considered credible by the jury, established that the collision occurred as the plaintiff was attempting to "overtake and pass" defendant's automobile at that intersection. Consequently, it was error to refuse the first of the requested instructions quoted above; and it was likewise error to refuse to give the second requested instruction which was in accord with the provisions in sec. 85.16 (6), Stats., that,—

"It shall be unlawful for the operator of any vehicle to *overtake* and *pass* any other vehicle proceeding in the same direction *at* . . . *an intersection* of highways unless permitted to do so by a traffic officer or upon highways which are properly marked by traffic lanes."

Those instructions were so material and significant in respect to the issues as to the plaintiff's negligence, and the comparative extent thereof, and what the defendant was entitled to assume as to the other driver's complying with the law, that the refusals to instruct constituted prejudicial and reversible error.

Error is also assigned because the court granted plaintiff's motion to strike out testimony that immediately after the collision the speedometer on the motorcycle indicated that it had been operated at a speed of seventy-one miles per hour. It appeared conclusively that the mechanism and operation of the speedometer was such that the hand, which indicated that rate of speed, would move to indicate the highest rate at which the motorcycle had traveled, and thereafter remain at that reading until released to return to zero, regardless of its operation at less speed in the interim. In other words, if the motorcycle was operated at the rate of seventy-one miles per hour at some time prior to the collision, the hand would indicate and continue to indicate that rate regardless of lower rates of speed thereafter, until it was released to return to zero. But there was no evidence as to when or where that hand was last released before the collision, and obviously, unless it appeared that the hand in fact indicated the speed at or immediately preceding the time of the collision, the reading of seventy-one miles per hour was incompetent and immaterial. Consequently, the court rightly excluded that evidence.

*By the Court.*—Judgment reversed as to the defendant Lester Schaefer, and cause remanded with directions to grant his motion for a new trial.