GERTRUDE SMITH v. COUNTY OF RAMSEY.[1]

October 13, 1944.

No. 33,802.

*Dorsey, Colman, Barker, Scott & Barber* and *Charles F. Noonan,* for appellant.
*F. W. Diehl* and *O. A. Blanchard,* for respondent.

STREISSGUTH, JUSTICE.
Shortly after 7:00 o'clock in the morning of December 30, 1942, and while it was still dark, plaintiff was riding as a passenger in an automobile operated by her husband in a southerly direction on a county road in Ramsey county. The automobile collided with a tractor equipped with a snowplow, owned and operated by defendant county, which was approaching from the south. Plaintiff claimed

[1]Reported in 16 N. W. (2d) 169.

that the plow was operated without lights, as a result of which her husband's car collided with it, thereby throwing the automobile to the side of the road and causing it to overturn, with resulting injuries to plaintiff. No other negligence was urged.

Both plaintiff and her husband testified positively that they were watching the highway as they drove along the road, that they did not see the snowplow until the automobile collided with it, and that the lights of the snowplow were not burning. Opposed, was the testimony of the operator of the plow that it was equipped with seven lights, three in front, three in the rear, and one on the side of the plow, all of which were on at the time of the collision; that he was traveling on the extreme right side of the road; that he saw the Smith car approaching at a speed of about 35 miles an hour and headed straight for the front of the snowplow; that at the time of the impact he had thrown the clutch in and had just about stopped the plow when it was hit by the Smith car. He was corroborated by several witnesses, who testified that they saw the snowplow pass along the road shortly before the accident and that its lights were then functioning.

The testimony of the operator, supported as it is by that of disinterested witnesses, is quite persuasive, but does not so overwhelmingly preponderate in favor of defendant as to justify this court in granting a new trial, much less judgment notwithstanding the verdict. The testimony of the plaintiff and her husband is not so inherently improbable and unreasonable that we can say that the trial court abused its discretion in refusing to set the verdict aside within the rule of Messenger v. St. Paul City Ry. Co. 77 Minn. 34, 79 N. W. 583, and Voge v. Penney, 74 Minn. 525, 77 N. W. 422. Such action on our part is justified only in extreme cases. As an appellate court, we must in all cases look at the record objectively and avoid substituting our judgment for that of the jury in passing upon the weight and credibility of conflicting testimony.

Here, the issue submitted was extremely simple; that the jury understood it appears from a question it asked the court after retirement. The testimony admitted of opposite conclusions depend-

ing upon whom the jury believed. By their verdict they decided in favor of plaintiff, and this court cannot, upon the record, say that the trial court abused its discretion in refusing a new trial.

Affirmed.