CECILE MAY COOPER, SUBSTITUTED FOR BERTHA
EVELYN ELZEA AS SPECIAL ADMINISTRA-
TRIX OF ESTATE OF ELWIN E. ELZEA,
v. NELS E. HOEGLUND AND OTHERS.[1]

April 5, 1946.

Nos. 34,115, 34,116.

[1]Reported in 22 N. W. (2d) 450.

*Sexton & Kennedy* and *John Bowman,* for appellant Nels E. Hoeglund.

*Quigley, Donohue & Quigley,* for appellants Joe M. Pittman and Abie Orbuch.

*Meagher & Geer,* for respondent.

PETERSON, JUSTICE.

This action for wrongful death is brought by the representative of the estate of Elwin E. Elzea against the representative of the estate of Rex Loraen, Joe M. Pittman, and Abie Orbuch. Plaintiff recovered a verdict. Defendants appeal.

Late in the afternoon of February 28, 1944, but when it was still daylight, Elzea and Loraen were killed as a result of a head-on collision between auto trucks driven by them on a paved trunk highway at a point outside the corporate limits of a municipality.

1. Defendants contend that the evidence does not show negligence on their part. We think that there was evidence reasonably tending to show that defendant Pittman was driving the truck of defendant Orbuch in a southerly direction in the west lane of the pavement; that he slackened his speed for a distance of about 300 feet before reaching an intersecting gravel road into which he intended to make a left turn; that decedent Loraen was driving a truck loaded with hogs in a southerly direction so closely behind the Orbuch truck that he could not stop in time to avoid a collision with it, if it stopped; that, because he was driving so closely behind the Orbuch truck, he could not see whether the east lane was free from oncoming traffic; that at the same time Pittman and Loraen were approaching the gravel road from the north decedent Elzea was approaching it from the south at a speed estimated to be from 35 to 45 miles per hour; that Pittman either failed to give any signal at all of his intention to make a left turn or to stop, or that he gave one that was not visible to Loraen; that Pittman stopped suddenly in front of Loraen; that Loraen, in order to avoid running into the rear of the Orbuch truck, swerved suddenly to get into the east lane and got directly in the path of the Elzea truck; that Elzea turned toward the outside of the shoulder and the ditch; that in so doing the Elzea truck hit the right front side of the Loraen truck, turned it around, and dragged it approximately 75 feet across the ditch to a nearby farm gate; that both trucks were badly wrecked; and that Elzea and Loraen were killed as a result of the wreck. Findings of these facts are implicit in the verdict.

Defendants seriously challenge the sufficiency of the evidence to sustain findings of most of these facts. We have examined the record carefully and have come to the conclusion that, when viewed objectively, the facts found by the jury are reasonably supported by the evidence. We do not deem it necessary to discuss the evidence in detail to demonstrate the correctness of the verdict. Not only is such a demonstration no part of the function of an appellate court, but it serves no useful purpose. Smith v. County of Ramsey, 218 Minn. 325, 16 N. W. (2d) 169; Holmes v. Conter, 212 Minn. 394, 4 N. W. (2d) 106; 1 Dunnell, Dig. & Supp. § 415a.

In view of these facts, the jury was warranted in finding the defendants guilty of negligence. Pittman's failure to give Loraen a visible signal constituted a violation of Minn. St. 1941, § 169.19, subds. 5-8 (Mason St. 1940 Supp. §§ 2720-193[b, c], 2720-194, 2720-195). Loraen was driving so close to Pittman as to permit an inference that it was closer than was reasonable and prudent under the circumstances, and for that reason was a violation of § 169.18, subd. 3(10), (§ 2720-189[a]). His driving from behind the Orbuch truck into the east lane directly into the path of Elzea's oncoming truck was a violation of § 169.18, subds. 1(1) and 3(5), (§§ 2720-182[1] and 2720-186[a]). There may have been other violations of statute, but these are sufficient to warrant findings of negligence. Under § 169.96 (§ 2720-291), a violation of the statute of which these sections are a part is "prima facie evidence of negligence." Landeen v. DeJung, 219 Minn. 287, 291, 17 N. W. (2d) 648, 651. We have held that a violation of statute of the sort mentioned justifies a finding of negligence. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758 (stopping without giving proper signal); Martini v. Johnson, 204 Minn. 556, 284 N. W. 433, and Peterson v. Doll, 184 Minn. 213, 238 N. W. 324 (driving more closely than is reasonable and prudent); Schmitt v. Emery, 211 Minn. 547, 2 N. W. (2d) 413, 139 A. L. R. 1242, and Geisen v. Luce, 185 Minn. 479, 242 N. W. 8 (turning into lane of oncoming car).

■ The facts shown support a finding that the negligence of Pittman and Loraen was the proximate cause of the collision between

the Loraen and Elzea trucks. Their negligence was concurrent. Pittman's negligence, by combining with Loraen's negligence and causing him to turn into the path of Elzea's oncoming truck, set in motion a chain of events culminating in the collision. Walker v. Stecher, 219 Minn. 152, 17 N. W. (2d) 317; *cf.* Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788. The fact that neither the Loraen truck nor the Elzea truck had any physical contact with the Orbuch truck is no reason for holding that Pittman's negligence was not a proximate cause. It is sufficient that Pittman's negligence set in motion the chain of events that proximately caused the ultimate harm. Smith v. Carlson, 209 Minn. 268, 296 N. W. 132.

■ Defendants urge that Elzea's contributory negligence appears as a matter of law and thus bars recovery. This contention is based upon the fact that Elzea drove his truck in excess of 35 miles per hour in violation of the governor's executive order fixing 35 miles as the maximum speed for motor vehicles. The order was promulgated under authorization of L. 1943, c. 252,[2] "in order to conserve essential materials" as a wartime measure, and the order recites that it was issued for such purpose. Defendants contend that the violation of the order constitutes *prima facie* evidence of negligence which, for want of a showing to overcome it, compels a finding of negligence under cases like Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409. Plaintiff contends that violation of the governor's order does not constitute negligence, because protection from harm caused by violation thereof is not a purpose of the statute; and that, in order to make out a *prima facie* case of negligence based upon violation of a statute regulating speed, it was necessary under § 169.96 (§ 2720-291) to show a speed in excess of 60 miles per hour, the maximum lawful speed fixed by § 169.14, subd. 2(2), (§ 2720-178[b]2), as applicable at the time, the place,

---

[2]Section 1 provides: "When requested by the President of the United States or his duly authorized representative, the governor is authorized to formulate speed regulations for vehicles using streets and highways in accordance with such rules and regulations as may be prescribed by duly authorized federal authority in order to conserve essential materials."

and under the circumstances here. We think that plaintiff's contention must be sustained. An action based upon an alleged violation of statute will not lie where the statute was enacted for a purpose wholly different from that of preventing the harm complained of. Westlund v. Iverson, 154 Minn. 52, 191 N. W. 253; Everett v. G. N. Ry. Co. 100 Minn. 309, 111 N. W. 281, 9 L.R.A.(N.S.) 703, 10 Ann. Cas. 294; Hamilton v. Minneapolis Desk Mfg. Co. 78 Minn. 3, 80 N. W. 693, 79 A. S. R. 350; Rosse v. St. P. & D. Ry. Co. 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 A. S. R. 472; Akers v. C. St. P. M. & O. Ry. Co. 58 Minn. 540, 60 N. W. 669; 38 Am. Jur., Negligence, § 163; Restatement, Torts, § 286. The plain reason is that only a party for whose benefit a statute was enacted can claim protection under it. That being true, violation of a statute not enacted to protect individuals from the acts prohibited does not constitute a defense to an otherwise valid cause of action. Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605; Fraser v. G. N. Ry. Co. 166 Minn. 308, 207 N. W. 644; Opsahl v. Judd, 30 Minn. 126, 14 N. W. 575; Rampon v. Washington Water Power Co. 94 Wash. 438, 162 P. 514, L. R. A. 1917C, 998; 38 Am. Jur., Negligence, § 196. In the Mechler case we said (184 Minn. 480, 239 N. W. 608):

"If the statute or ordinance was not enacted for the benefit of the party invoking it, the general rule is that it is wholly immaterial, although the acts which constitute its violation may be admissible on the question of common law negligence. In other words, the general rule is that the violation of such statute or ordinance is not even a circumstance to be considered on the question of negligence or contributory negligence. Whether such statute or ordinance was enacted for the benefit of a particular person is a question of law."

A defendant no more than a plaintiff can claim the benefit of a statute not enacted to afford him protection from a violation thereof. Where, as here, the statute expressly declares the purpose for which it is adopted, the declaration is conclusive and excludes from the statute's coverage cases not embraced within its purpose. Indiana & Chicago Coal Co. v. Neal, 166 Ind. 458, 77 N. E. 850, 9 Ann. Cas.

424, and annotation. Since the statute in question expressly declares that its purpose is "to conserve essential materials," a purely public and wartime one, it excludes from the scope of its coverage the protection of individuals from acts done in violation thereof. The declared purpose of the act is entirely unrelated to causes of action for personal injuries and defenses thereto based upon violations thereof. Hence, Elzea's violation of the speed limit set by the governor's order did not constitute contributory negligence or any other kind of defense. And, since the speed claimed here does not constitute a violation of other applicable statutory provisions, defendants failed to establish Elzea's contributory negligence as a matter of law, either *prima facie* or otherwise.

■ Several assignments of error challenge rulings permitting plaintiff to explain how a tachometer operates and to show that what defendants claimed were tachogram readings were not such in fact. Defendants introduced a disk forcibly taken out of the tachometer on the Elzea truck by state highway patrolmen, who interpreted certain marks thereon as showing that the Elzea truck was going 58 miles per hour at the time of the collision. To meet this testimony, plaintiff was permitted to show how a tachometer registers speed and that the marks claimed to show a speed of 58 miles per hour were not in fact marks recording speed, but marks caused by some instrument used by the highway patrolmen in forcibly removing the disk from the tachometer. Explanation of the operation and accuracy of a speed and other recording devices, or lack of such accuracy, is a proper subject of inquiry. Commonwealth v. Buxton, 205 Mass. 49, 91 N. E. 128; City of Spokane v. Knight, 96 Wash. 403, 165 P. 105; DeFilippo v. DiPietro, 265 Mass. 186, 163 N. E. 742.[3] Use of objects to demonstrate oral testimony is proper. Timmerman v. March, 199 Minn. 376, 271 N. W. 697; Backstrom v. New York L. Ins. Co. 194 Minn. 67, 259 N. W. 681; Lewis v. C. G. W. R. Co. 155 Minn. 381, 193 N. W. 695.

[3]See, State v. Raasch, 201 Minn. 158, 275 N. W. 620; Hoffman v. Atlantic Greyhound Lines (D. C.) 25 F. Supp. 739; State v. Benton, 209 N. C. 27, 182 S. E. 690; Geason v. Schaefer, 229 Wis. 8, 281 N. W. 681.

■ It is also contended that it was error to permit plaintiff's counsel to use a transcript of a statement made by Pittman in cross-examining him, upon the ground that eliciting answers from him as to matters contained in the statement violated the best-evidence rule. The transcript consisted of a typewritten transcription of a court reporter's shorthand notes of an oral statement of the facts concerning the collision made by Pittman to an attorney representing plaintiff. The transcript was shown by the reporter to be a true and accurate transcription of his notes of the statement. In interrogating the witness, he was asked whether he made specific statements and whether they were true. In addition, the reporter was permitted to read answers to specific questions denied by the witness. This was the proper manner of impeaching and contradicting the witness. Stenographic notes of a statement by a party or witness do not constitute a written instrument made by him, but only a memorandum of what he said made by a third party; they have no evidentiary value as such, but are simply a memorandum to refresh the recollection of the stenographer as a witness where he has no independent recollection of the statement. Parol evidence concerning such statements does not violate the best-evidence rule. Heydman v. Red Wing Brick Co. 112 Minn. 158, 127 N. W. 561; see, State v. Walso, 196 Minn. 525, 265 N. W. 345; Amor v. Stoeckele, 76 Minn. 180, 78 N. W. 1046. The mode of examination followed the accepted rules in such cases. 6 Dunnell, Dig. & Supp. § 10351; see, Aide v. Taylor, 214 Minn. 212, 7 N. W. (2d) 757, 145 A. L. R. 530. No point was made here that the reporter could not testify as to the contents of the transcript without first showing that he had no independent recollection of the statement.

Some other points are raised, which we do not deem sufficiently important to discuss.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.