Matthias, J.
 

 The grounds of claimed error prejudicial to the rights of the plaintiff in error are as follows: (1) Refusal of the trial court to give to the jury before argument the instructions requested; (2) error in permitting certain witnesses to state that they could have heard the whistle or bell had the same been sounded; and (3) error in the general charge.
 

 The first requested instruction which the coqrt re
 
 *393
 
 fused to give, presenting the same in their logical order, was the request for a directed verdict in favor of the defendant. This requested instruction, just as did the motion theretofore made at the close of the evidence for a directed verdict, presented the question whether from the evidence adduced it is manifest that as a matter of law the plaintiff was negligent and that his negligence contributed proximately to cause his injury. It is not contended that there was no evidence of negligence on the part of the company. Consequently the only possible ground upon which the verdict could have been directed in favor of the defendant was that of contributory negligence upon the part of the plaintiff. From a consideration of the evidence adduced, it must be concluded that the trial court was fully warranted in submitting the issue of contributory negligence to the jury. The evidence must be viewed in its aspect most favorable to the plaintiff, and we shall now refer to only that portion of the record.
 

 The plaintiff was a guest of the driver of the automobile, and at the time of the accident was riding on the right side of the front seat. The evidence discloses that there was obstruction on both sides of the highway as the crossing was approached upon this occasion, the view upon the right side being obstructed more than upon the left. The train came from the left. It consisted of an engine and two gondola cars, and the cars were being pushed by the engine. There was evidence that the driver of the car listened for the train as he approached the crossing, and when within a few feet slowed his automobile to from five to ten miles an hour. The plaintiff had ridden with the driver on previous occasions,
 
 *394
 
 and regarded him as a good driver. The plaintiff as they approached the crossing looked particularly to the right side, on which side the view was the more obstructed. The plaintiff testified that after looking to the right and seeing that the way was clear he then looked to the left, and that as he turned he saw a glare, and at the next instant the automobile was struck.
 

 There was no claim upon the one hand that the negligence of the driver of the automobile, if any, could be imputed to the plaintiff, who was a passenger therein; there could not be under the settled law of this state. On the other hand, there was no contention that the plaintiff was absolved from the duty of exercising ordinary care for his own safety. Under the facts disclosed by the record, the issue of contributory negligence of the plaintiff as well as the negligence of the defendant should with proper instruction be submitted to the jury. Counsel for the railway company requested separate instructions covering the duty of the plaintiff as follows:
 

 “It was the duty of the plaintiff, riding in the Ford automobile, to use ordinary care in the exercise of his own faculties in looking and listening for a train as the automobile approached the crossing, and such looking and listening should have been at such time and place and in such manner as would be effective to accomplish the ends designed thereby.”
 

 “It was the plaintiff’s duty to use his senses of sight and hearing to avoid injury to himself when he was about to go upon the grade crossing, which is admittedly a place of danger. The time to use these senses for his own protection was just before going into the zone of danger, and it was the plain
 
 *395
 
 tiff’s duty to look and listen in such, a manner as would make the use of these senses effective. ’ ’
 

 Both of these requested instructions were refused by the trial court.
 

 The question is thus presented as to the duty of a guest in an automobile under the circumstances disclosed by the record and the instruction that should be given the jury in that regard. While the authorities differ somewhat in the statement of the rule governing the conduct of passengers or guests in an automobile and prescribing their duties, all are in accord that the guest in an automobile is not entirely relieved from obligation to exercise care for his own safety. Clearly it is his duty to exercise that care which persons of ordinary care and prudence are accustomed to exercise under the same or similar circumstances. Hence, while one riding as a guest in an automobile is not charged with the duty of being on the lookout for possible dangers, such as devolves upon the driver of the automobile, yet when approaching a known grade railroad crossing it is his duty to exercise his senses of sight and hearing as would a person of ordinary care and prudence under the same or similar circumstances to observe the approach of a train and apprise the driver thereof. The conduct of the guest to come within the requirement of ordinary care would differ somewhat under varying circumstances. In that respect the court should not go further in instructing the jury than was indicated in
 
 Toledo Rys. & Light Co.
 
 v.
 
 Mayers,
 
 93 Ohio St., 304, 112 N. E., 1014, and
 
 Board of Commrs. of Logan County
 
 v.
 
 Bicher, Admx.,
 
 98 Ohio St., 432, 121 N. E., 535. We regard this the better rule, and it is supported by numerous
 
 *396
 
 decisions, among which are the following:
 
 Smith
 
 v.
 
 St. Louis-San Francisco Ry. Co.,
 
 321 Mo. — , 9 S. W. (2d), 939, 946;
 
 B. & O. Ry. Co.
 
 v.
 
 Faubian
 
 (Ind. App.), 170 N. E., 94;
 
 Marchetti
 
 v.
 
 So. Pac. Ry. Co.,
 
 204 Cal., 679, 269 P., 529;
 
 Carnegie
 
 v.
 
 Great Northern Ry. Co.,
 
 128 Minn., 14, 150 N. W., 164;
 
 C., C., C. & St. L. Ry. Co.
 
 v.
 
 Lynn,
 
 177 Ind., 311, 95 N. E., 577, 98 N. E., 67.
 

 The rule which in our opinion should be applied in cases of this character may be well stated in the language of the court in the case of
 
 Smith
 
 v.
 
 Bailway Co., supra:
 
 “While the law requires a guest in an automobile to exercise ordinary care and prudence for his own safety, and does not permit him to intrust his safety absolutely to the driver1, regardless of impending danger or apparent lack of ordinary caution on the part of the driver, it does not require him to use the same vigilance as is required of the driver, nor put him under the same obligation to look for danger as is the driver. * *
 
 *
 
 ‘It is a matter of common knowledge that under ordinary circumstances such occupants do largely rely upon the driver, who has the exclusive control and management of the vehicle, exercising the required degree of care, and for that reason courts are not justified in adopting a hard and fast rule that they are guilty of negligence in doing so. Every case must depend upon its own particular facts.’ ”
 

 Our conclusion therefore is that the trial court did not commit error prejudicial to the plaintiff in error in refusing to give the instructions above set forth; and further that the instruction relative to the duty of the plaintiff set forth in the general charge is not erroneous.
 

 
 *397
 
 There are portions of the general charge which do not possess that clarity of expression to be desired, yet it does not appear that there was any statement in the instructions that could possibly have been prejudicial to the plaintiff in error. Over the objection of counsel for plaintiff in error, the court permitted witnesses to respond to a question wherein they were asked if they could have heard a whistle or bell had the same been sounded. The witnesses were permitted to state such opinion after describing the situation, and in this there was no prejudicial error. Jones on Evidence (2d Ed.), volume 3, page 2343, Section 1272; 22 Corpus Juris, 554, and cases there cited.
 

 Finding no error in the record prejudicial to the plaintiff in error, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones and Allen, JJ., concur.