## GARVIN et v EMMERICH

Ohio Appeals, 6th Dist, Huron Co

No 325.   Decided Oct 29. 1934

Rowley & Carpenter, Norwalk, for plaintiffs in error.

G. Ray Craig, Norwalk, for defendant in error.

* * *

## OPINION

By LLOYD, J.

In the action brought in the Court of Common Pleas, plaintiffs in error sought to recover for damages to the truck and trailer. The trial resulted in a general verdict in favor of the defendant in error. As grounds for reversal of the judgment entered on the verdict, plaintiffs in error claim

1. That it is manifestly against the weight of the evidence.

2. That the trial judge committed prejudicial error

(a) In giving to the jury before argument defendant in error's request No. 2, and

(b) In his general charge to the jury.

The evidence is so in conflict that this court would not be warranted in disturbing the verdict and judgment on the first ground.

Request No. 2 reads as follows:

"I say to you as a matter of law that it was the duty of the driver of the Garvin truck, before turning or changing his course, immediately prior to the collision in question, to make sure that such movement could be made in safety and to cause a signal to be made of his intention to change his course in a way visible outside the vehicle and, if from the evidence in this case, you find that the driver of the Garvin truck changed his course prior to the collision without making sure that such movement could be made in safety or failed to cause a signal to be made of his intention to change his course in a way visible outside his vehicle, and you further find from the evidence, that such failure either to make sure that such movement could be made in safety, or to cause a signal to be made of his intention to change his course in a way visible outside said vehicle, was a proximate and direct cause of the collision in question, then your verdict must be in favor of the defendant.

Sec 6322 (§6310-22) GC, provides that:

"Drivers of vehicles before turning, stopping or changing their course shall make

sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle."

This section is not ambiguous and its clear intent is unmistakeable. It contains no limitations or qualifications, and requires drivers of vehicles always, before turning, stopping or changing their course, to comply therewith. The requested instruction used the literal language of the statute and its submission to the jury did not constitute prejudicial error. If plaintiffs in error desired the court to instruct the jury as to the significance and meaning of the words "shall make sure such movement can be made in safety," a special request to that effect might have been presented to the trial judge, or such request might have been made at the conclusion of his general charge.

A portion of the general charge of the trial judge to the jury, said to be erroneous, reads as follows:

"That necessitates our looking to the petition to see what the specific claims of negligence were on the part of the plaintiff against the defendant, and looking to the petition we find five different numbered items, the first one of which, marked No. 1, charges. the failure of the defendant to stop at the intersection or the junction of these highways. And on that subject it appears, from the evidence, that there has been erected on Route 60, as it approaches the junction of Route 18, a sign bearing the words "Stop" but, under the laws of Ohio, a sign of that character, in that particular place, not having been shown to have the sanction of any particular law, is not of force as a specific direction with reference to traffic upon that highway, except as it may be a warning, or an advice, to a traveler upon the highway of the near approach of an intersection, or a junction of a highway at which more particular care may be required of such traveler in approaching such place on the highway, so that the mere failure of the defendant to stop, if she did not stop, as directed by the "Stop" sign in question, would not constitute negligence in itself, for the reason I have indicated, that so far as the evidence in this case is concerned we know the force of that sign had no legal significance."

It would have been better, we think, if the trial judge had not used the phrase "no legal significance", or had definitely explained what was intended thereby, but it seems clear from what precedes this phrase that the jury must have understood that, although the failure to stop was not negligence per se, the fact that the sign was there and was seen by Miss Emmerich should be considered in determining whether she was at the time in question in the exercise of ordinary care and therefore the court, in so instructing the jury, did not err to the prejudice of the plaintiffs in error.

Nor, in our judgment, was there prejudicial error in any other part of the general charge of the trial judge. The judgment of the Court of Common Pleas is affirmed and the cause remanded to that court for execution.

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur.