RANSOM, APPELLANT, *v.* FEENEY, APPELLEE.

(No. 336—Decided January 24, 1947.)

*Messrs. Hanna & Middleton* and *Mr. James Donovan,* for appellant.

*Mr. Otto W. Hess* and *Mr. George A. Meekison,* for appellee.

BY THE COURT. This is an appeal on questions of law from the Court of Common Pleas of Henry county, in an action wherein the appellant, George E. Ransom, was plaintiff, and the appellee, Leonard Feeney, was defendant.

The action is one for damages for personal injuries sustained by the plaintiff in a collision between an automobile in which the plaintiff was riding as a guest passenger, and an automobile owned and operated by the defendant.

The case was tried to a jury which returned a verdict in favor of the defendant "no cause of action." Motion for new trial was duly filed by the plaintiff and was overruled by the court, and judgment in favor of the defendant was then duly entered on the verdict. That is the judgment from which this appeal is taken.

The collision occurred on December 12, 1943, at about ten o'clock p. m., at which time the plaintiff was riding in an automobile driven by one Clyde A. Puse in an easterly direction on U. S. route 24, approximately three and a half miles east of Napoleon in Henry county, and the defendant, at the same time and place, was driving his own automobile in a westerly direction on U. S. route 24.

Such of the evidence as is essential to a disposal of the appeal will be considered under the separate assignments of error.

Plaintiff assigns errors in the following particulars:

1. At the request of defendant the court gave five special instructions, each and all of which were erroneous.

2. The general charge of the court was erroneous.

3. Counsel for defendant were guilty of misconduct.

4. The verdict of the jury is contrary to the weight of the evidence.

5. The court erred in overruling plaintiff's motion for judgment notwithstanding the verdict.

6. The court erred in overruling plaintiff's motion for new trial.

These assignments will be considered in the order mentioned.

The special instructions complained of were given to the jury before argument at the request of the defendant. Each of the instructions was simply a verbatim statement of the provisions of a section of the General Code of Ohio applicable to automobile traffic. These instructions were given without comment by the court, except a comment following all the instructions, which comment is in the words and figures following, to wit:

"These special requests or instructions are to be considered by you in connection with the general

charge which I will give you at the close of the argument, and the law of the case will be the law which the court gives you both in these general instructions and in the general charge at the end of the argument.''

Each of the instructions mentioned contained provisions of the General Code applicable to the issues made by the pleadings and .the evidence in the case, and such provisions are so clear as to require no explanation by the court.

As the instructions mentioned were applicable to the issues made by the pleadings and the evidence they were not abstract, and the court did not err in giving such instructions over the objection of the plaintiff.

■ Under the 'second assignment of error the plaintiff contends that the court erred in giving instructions on the question of agency of the driver of the automobile in which the plaintiff was riding, for the plaintiff; and also upon the question of the contributory negligence of the plaintiff, the plaintiff claiming that there is no evidence, in the case bearing upon the question of such agency, and there is no evidence of any act of contributory negligence on the part of the plaintiff.

There is evidence that all the persons riding in the Meeker automobile and all the persons riding in the Puse automobile in which the plaintiff was riding drove from Toledo to Defiance for the common purpose of visiting a former preacher of their church in Toledo, and attending church services at the church of which the preacher was in charge at Defiance, and that such purpose having been accomplished, they were on their way home to Toledo when the collisions between defendant's automobile and the Meeker automobile, and defendant's automobile and the Puse automobile occurred. There is also evidence that some of the

persons riding in the Puse automobile and the Meeker automobile agreed on the speed at which they would drive on the return trip, and who would lead and who would follow, and in which automobiles they would ride, but there is no evidence that the plaintiff was a party to that agreement. Furthermore, there is no evidence that any of such persons had any right to direct and govern the movements and conduct of each other with reference to the operation of the automobiles, or that any of them other than the drivers thereof had any voice or right to be heard in the control or managment of either of the automobiles concerned.

It is settled in Ohio, by repeated decisions of the Supreme Court, that independent negligence of one person is not imputable to another person.

Facts may exist which show such a connection as will impose upon a person the consequences of the negligence of another person, but such a result rests on the relation of express or implied agency in the committer.

When the claim of contributory negligence depends on the agency which arises out of, or because of, a joint enterprise, the negligence must be directly connected with the subject of the joint enterprise. *Moore v. Almendinger,* 15 Ohio App., 503, at page 505.

Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management. *Bloom v. Leech, Admr.,* 120 Ohio St., 239, at page 244, 166 N. E., 137.

The doctrine of imputed negligence does not ordinarily apply in Ohio, an exception being when parties are engaged in a joint enterprise.

A joint enterprise within the law of imputed negligence is the joint prosecution of a common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose. *Bloom* v. *Leech, Admr., supra.*

Under those authorities it is clear that except in cases where the driver of the automobile is in the employment of a person riding therein, the negligence of such driver is not imputable to such a rider unless they are engaged in the joint prosecution of a common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of the automobile employed to execute such common purpose.

While there is evidence in this case tending to prove that the driver of the Puse automobile and the plaintiff were engaged in the joint prosecution of a common purpose, there is no evidence tending to prove that the driver of the automobile in which plaintiff was riding had authority to act for the plaintiff or any of the other persons in respect to the control of the automobile employed to execute such common purpose.

Consequently there are no facts in evidence warranting the charge on the subject of agency of the driver of the automobile, in which plaintiff was riding, for him, and the court erred in charging on such subject.

We shall next consider the claimed error of the court in charging upon the subject of contributory negligence on the part of the plaintiff.

Contributory negligence upon the part of the plaintiff was not pleaded, but if an issue of contributory

negligence arose from the evidence the court did not err in charging upon that issue.

The evidence shows conclusively that there were three adult persons, dressed in winter clothing, riding in the front seat of the automobile in which the plaintiff was riding, and plaintiff's own evidence is to the effect that he kept no lookout, did not see the approach of defendant's automobile, the collision between it and the Meeker automobile, and the subsequent approach of defendant's automobile toward, and the collision with, the automobile in which the plaintiff was riding; and that he, the plaintiff, may have been asleep before and at the time the collision occurred.

Under the provisions of Section 6307-68, General Code, a person is negligent in riding in an automobile when there are seated in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control of the automobile.

There is no evidence in this case to indicate that the front seat of the automobile in which plaintiff was riding was of unusual width, or that the adults riding in the seat were less than normal size.

In that situation it was the duty of the court to charge on the subject of contributory negligence. *Sheen* v. *Kubiac,* 131 Ohio St., 52, at page 57, 1 N. E. (2d), 943.

The evidence that plaintiff kept no lookout and may have been asleep preceding and at the time of the collision was also of such character as to require the issue of contributory negligence on the part of the plaintiff to be submitted to the jury. *Board of Commrs. of Logan County* v. *Bicher,* 98 Ohio St., 432, 121 N. E., 535; *Hocking Valley Ry. Co.* v. *Wykle,* 122 Ohio St., 391, at page 395, 171 N. E., 860.

14

Consequently the court did not err in submitting the issue of contributory negligence to the jury.

■ Under this assignment plaintiff contends that counsel for defendant were guilty of misconduct.

While counsel for defendant, in many instances, were guilty of misconduct in commenting upon the testimony as it was being introduced, and upon the physical condition and mental capacity of certain witnesses, the plaintiff at no time asked the court to order a mistrial because of such misconduct, and each time, when such misconduct was called to its attention by the plaintiff, the court granted plaintiff's request that the jury be instructed to disregard the comments of defendant's counsel. In other instances, the plaintiff did not object to the misconduct of defendant's counsel. Consequently there is no foundation for this claim of error.

■ Under this assignment the plaintiff claims that the verdict of the jury is against the weight of the evidence.

It is unnecessary to set forth the evidence in detail, it being sufficient to state that the great weight of the evidence, including the testimony of Sheriff Bartell of Henry county, which testimony was denied on the trial by the defendant, to the effect that the defendant admitted to him that he was on the wrong side of the road when the collision with the Meeker automobile occurred, and defendant's written statement made at the request of the sheriff immediately following the collision, to the effect that he, the defendant, did "not know what position I was on the road when the collision with the Meeker car occurred," denied by the defendant in his testimony on the trial of the case, shows the collision between the defendant's automobile and the automobile owned and driven by one Meeker, proceeding in the same lane of traffic about

200 feet ahead of the automobile in which plaintiff was riding, was proximately caused by the negligence of the defendant in driving his automobile over and across the center of the improved road into the lane of traffic in which the Meeker automobile and the automobile in which plaintiff. was riding were approaching, that the collision of the defendant's automobile with the automobile in which the plaintiff was riding was proximately caused by the negligence of the defendant in driving his automobile on the wrong side of the improved road into and on the lane of traffic in which the automobile in which the plaintiff was riding was approaching, either because of damage to his automobile occasioned in the first collision, preventing him from controlling his automobile, as testified to by him, or independent of such damage; and that the plaintiff was not guilty of contributory negligence.

The great weight of the evidence shows also that the plaintiff, through such negligence of the defendant, sustained substantial damages.

The verdict is, therefore, manifestly against the weight of the evidence, requiring reversal of the judgment.

■ The evidence on the essential issues in the case was conflicting and so the court did not err in overruling plaintiff's motion for judgment notwithstanding the verdict.

■ The errors assigned in the motion for a new trial have been considered in the preceding assignments of error.

From the foregoing discussion it is obvious that the court erred in overruling the motion for new trial because of error in its general charge in the respects above mentioned, and because the verdict of the jury was against the manifest weight of the evidence.

Although the error in the charge, above mentioned, reflected only upon the issue of the contributory negligence of the plaintiff, the multiple-issue rule does not apply to the case, as upon the issue of the negligence of the defendant the verdict of the jury is against the manifest weight of the evidence.

For the errors mentioned, the judgment of the Common Pleas Court will be reversed and the cause remanded for new trial and further proceedings according to law, at the costs of defendant.

*Judgment reversed.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.