**GALLIHER, Plaintiff-Appellant, v. CAMPBELL et,
Defendants-Appellees.**

Ohio Appeals, Second District, Clark County.

No. 506.   Decided April 15, 1954.

Grace Fern Heck, William E. Bailey, Springfield, for plaintiff-appellant.

Harshman, Young, Colvin & Alexander, Dayton, McKee & Schwer, Springfield, Ernest W. Kruse, Dayton, for defendant-appellee, LeRoy G. Campbell.

James M. Gorman, Springfield, for defendant-appellee, Lena R. Petschler.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the defendants upon the verdict of a jury. The action was one for damages alleged to have been suffered by the plaintiff while a passenger in the automobile of the defendant, LeRoy G. Campbell. The guest statute is not involved herein for it is admitted that the plaintiff and Campbell had the same place of employment; that arrangements had been made wherein Campbell was to transport the plaintiff each day to her work in consideration of the plaintiff sharing in the expenses, which amounted to three dollars per week.

The record discloses that the defendant, Lena R. Petschler, was driving her automobile in a westerly direction on state route No. 4; that she was being followed by a second car and that the defendant Campbell was operating his automobile at a short distance behind the second car; that as the automobile of the defendant Petschler was proceeding down a small incline in the roadway near Enon, a right rear tire blew out causing her to lose control of her automobile. The defendant Campbell saw the car wobbling in the road ahead of him. He testified that he could have stopped at this time and avoided a collision, but on seeing the Petschler car veer to the right side of the road he pulled into the left lane and attempted to pass her. The second car pulled to the right of the roadway and succeeded in safely passing the Petschler car. The three cars were traveling at this time at a speed of ap-

proximately 45 miles per hour. The traffic was heavy in their direction, the road was wet and it was raining slightly or misting at the time of the accident.

The record discloses, however, that as the Campbell car was passing the Petschler car the latter swerved from the right side of the road striking the Campbell car at about the right front door. In order to do this it was necessary for the Petschler car to cross over into the left lane of traffic wherein the Campbell car was proceeding. As the result of this collision the plaintiff was severely injured. The appellant is urging that since Campbell admitted he could have stopped when he first saw the Petschler car wobbling, instead of swerving into the left lane, that it was an admission of negligence on his part and that the jury should have been so instructed, leaving for its determination only the question of proximate cause. We are of the opinion that the Court properly refused the instruction; that it was a factual question for the jury to determine whether or not the defendant exercised ordinary care under all of the facts presented.

The record also reveals that the defendant, Petschler, testified that she had no knowledge her right rear tire was defective; that it had never been punctured or blown out before; that it appeared to her to be in good condition. A member of the State Highway Patrol who arrived after the accident testified that the tire appeared to be "worn." At one time this defendant testified that she had never looked at the tire, but our examination of the record discloses that she made the statement with reference to the time of the accident, that she had never examined it after the accident. The appellant urges that because she made this statement that it was also an admission of negligence on her part and the jury should have been so instructed. We do not think the evidence warrants this conclusion and no error was committed by the Court in refusing to give the instruction.

The appellant next urges that the Court erred in instructing the jury that the defendant was required to exercise ordinary care for the safety of the plaintiff; that since she was a paying passenger she was entitled to the highest degree of care. This would be the rule were the defendant Campbell a common carrier, that is, one who holds himself out to the public as engaged in the business of transporting persons from place to place for compensation, offering his services to the public generally. But there was no proof that Campbell was a public carrier; hence the rule is not applicable. He was only a private carrier whose duties were the same as those of an ordinary bailee. 9 Amer. Jur. 661, p. 815. Since he was re-

ceiving compensation his obligations would be the same as those of a bailee for hire and as such he would become liable only in case he failed to exercise ordinary care for the safety of this plaintiff. 6 Amer. Jur. 248, page 351. In the following cases it was held that the driver of a motor vehicle owed his passenger a duty to exercise ordinary care for his safety: **Sprenger v. Braker, 71 Oh Ap 349; Bolser v. Smalley, 89 Oh Ap 161.** We find no error in this assignment.

It is also urged that the Court erred in giving the following special instructions before argument:

"1. The Court charges you that the mere fact that an accident occurred in which the plaintiff sustained injuries does not give the plaintiff the right to recover in this action.

"2. The Court instructs you that by the term 'proximate cause' is meant that cause which in a natural and continued sequence contributes to produce the result, without which said result would not have happened.

"3. The Court instructs you that by 'negligence' is meant the failure to use ordinary care and that by 'ordinary care' is meant such care as a reasonably prudent person would exercise under the same or similar circumstances.

"4. Before you can return a verdict for the plaintiff in this case against the defendant, LeRoy G. Campbell, alone, or against him jointly with the other defendant you must find by a preponderance of the evidence that he was negligent in one or more of the respects alleged in plaintiff's amended petition and also that his negligence was a direct and proximate cause of the collision in which the plaintiff sustained the injuries of which she here complains. Therefore. if you find by a preponderance of the evidence that the defendant, Campbell, was not negligent, it will be your duty to return a verdict in favor of the defendant, Campbell. Likewise, if you find by a preponderance of the evidence that he was negligent in one or more of the respects alleged in the amended petition but that such negligence on his part was not a proximate cause of the collision it will be your duty to return a verdict in his favor.

"5. If you find by a preponderance of the evidence that the defendant, LeRoy G. Campbell, was confronted by an emergency not created by any fault of his own, he was required in such emergency to exercise only such care as a reasonably prudent person would exercise in the same or in a similar emergency and in making his choice of action he is only required to make such choice as a person of ordinary prudence placed in the same position might have made.

"6. If you find by a preponderance of the evidence that the

assured clear distance ahead of the automobile of the defendant, LeRoy G. Campbell, was suddenly cut down and lessened, without his fault, by the entrance within such clear distance and into his path and line of travel of the automobile of the defendant, Lena Petschler, which rendered the defendant, Campbell, unable, in the exercise of ordinary care, to avoid colliding with the automobile of Lena Petschler, there was no violation on the part of the defendant, LeRoy Campbell, of the rule of law which prohibits the operation of a motor vehicle at a greater speed than will permit it to be brought to a stop within the assured clear distance ahead."

We think these instructions contained correct statements of the law, and were applicable to the issues as made by the pleadings and proof; that each was complete in itself and so covered the case as not to give a one-sided view of some particular theory of counsel or to attach undue importance to some particular item of the evidence. The special charge must be complete in itself, but this does not require that it contain all of the law of the case. **Curlis v. Brown, 9 Oh Ap 19.** It merely requires that the proposition of law embodied in the requested charge should be complete on that subject. The request must be confined to a single proposition of law and the Court may refuse to give a charge which is a correct statement but contains more than one legal proposition. **Central Casualty Co. v. Fleming, 22 Oh Ap 129.**

The Court did not err for failing to give certain instructions as charged for the reason that no request was made for the same. In order to predicate error upon the omission of the Court to give a charge to the jury counsel must indicate clearly what he claims the law to be and what charge he desired the Court to give. **Haley v. Dempsey, Exr., 14 Oh Ap 326.**

It is further urged that the Court erred in giving the following charge after quoting from §§6307-20, -21, -27, -34, -38 GC:

"Whether either or both defendants were violating one or more of these state statutes at the time of the accident and whether or not such violation, if it took place, was a proximate cause of the accident and injuries are questions of fact for the jury to determine from the evidence along with other questions of fact in the case, applying the instructions as to the law given you by the Court upon these and other points."

The appellant is contending that the aforesaid statutes were enacted for the safety of the public; that they set out specific requirements of conduct and that a violation of any one of them constitutes negligence per se. In **Koppelman v. Springer, 157 Oh St 117,** the Court held that a violation of the provisions of §6307-20 GC, does not constitute negligence per se   Like-

wise, in **Rice v. Hancock Mfg. Co., 87 Oh Ap 333,** it was held that a violation of the terms of §6307-38 GC was not negligence per se where the "turn" is made at a point other than at an intersection. The turn in the case at bar was not made at an intersection; hence, the rule announced in the Hancock case, supra, applies.

Any failure to charge negligence per se with respect to violation of §6307-27 GC for the failure of Campbell to sound his horn in passing could not be prejudicial error for the reason that such a violation could not have been a proximate cause of the plaintiff's injury. A signal on the part of Campbell to Mrs. Petschler could have meant nothing. There was no intention on her part to make a turn and certainly she could not have prevented the turn or the spin whether Campbell signalled her or whether he did not signal. **Sec. 6307-34 GC** is not specific as to the distance one car should follow another. It only provides a general rule of conduct, to wit, "the operator of a motor vehicle * * * shall not follow another vehicle * * * more closely than is reasonable and prudent," etc., and its violation does not constitute negligence per se. Koppelman v. Springer, supra. It should also be noted that no request was made for a further charge upon the aforesaid sections of the General Code. The charge was certainly proper as far as it went and any failure to charge on "negligence per se" would be an act of omission and not commission.

We find no error in charging on the "assured clear distance" statute and also in charging on "unavoidable accident" as they were clearly issues in the case made by the pleadings and the evidence.

We find no merit in the charge that the Court failed to separately state and define the issues and to make his charge complete. An examination of the same discloses that the Court consumed approximately twenty pages of the record in explaining the issues, the duties of the jurors, the law applicable and the conditions under which recovery may be had against either of the defendants. The case was well tried and fairly presented to the jury. An examination of the entire record discloses that the judgment is neither contrary to law nor against the manifest weight of the evidence.

We find none of the assigned errors well made and the judgment is affirmed.

WISEMAN, PJ, HORNBECK, J, concur.