YOST, APPELLANT, *v.* PETERSON, APPELLEE.

204

(No. 807—Decided February 27, 1956.)

*Messrs. Farber, Cochrane, Green & Schrader,* for appellant.
*Mr. Alva W. Bachman,* for appellee.

FESS, J. This cause is here on appeal on questions of law from a judgment entered upon a verdict for the defendant. Plaintiff was a guest in a Lincoln automobile driven by her brother. The driver of the Lincoln stopped at an intersection headed in an easterly direction, intending to make a left-hand turn over the northerly half of the highway to go north upon the intersecting highway. Observing a truck approaching from the opposite direction some distance down the road, he proceeded to make his turn and was sideswiped by defendant's automobile, also approaching from the opposite direction, which had passed the truck shortly before the collision.

A review of the record discloses that the verdict was not manifestly against the weight of the evidence.

Error is also assigned to that portion of the general charge relating to contributory negligence. Contributory negligence was not put in issue by the pleadings. The evidence discloses there were three occupants of the front seat of the Lincoln car— plaintiff's brother on the left, her sister-in-law in the middle and plaintiff on the right. The highway from which they expected to turn ran in a southeasterly direction and the highway into which they intended to turn ran north and south, so the angle for the turn was sharper than 90 degrees. The occupants of the car were not quite sure as to whether the intersecting highway was the one which they desired to take. Their attention was directed to the sign designating the intersecting highway. To such an extent, plaintiff was assisting the driver in

ascertaining the correct route. Although the occupants of the car had observed the truck down the highway, none of them observed the approach of defendant's vehicle until just before the impact. Since the driver of the car was making a left-hand turn, his view to his right would be somewhat obscured by the presence of the two women in the front seat. Plaintiff was in a better position to observe oncoming traffic than the driver of the car.

In *Golamb* v. *Layton*, 154 Ohio St., 305, 95 N. E. (2d), 681, the Supreme Court has held that, where it appears that everything the passenger could see was equally visible and known to the driver, that there was nothing to indicate to the passenger the danger of a collision until it was imminent, and that there was nothing the passenger could then do to avoid the result, such passenger is under no duty to warn the driver or attempt to control his operation of the vehicle. But in our opinion, in the instant case, an inference of contributory negligence on the part of the plaintiff could arise and the subject matter was therefore proper to be submitted to the jury for its consideration. Upon this subject, the court charged as follows:

"The plaintiff in this case was riding as a passenger in the automobile of her brother, and the court says to you that one riding as a guest in an automobile does not assume the responsibilities of the driver, and the driver's negligence cannot be imputed to the guest.

"The plaintiff in this case was required to exercise that care for her own safety which persons of ordinary care and prudence are accustomed to exercise under the same or similar circumstances; but while the law requires a guest riding in an automobile to exercise ordinary care and prudence for his own safety, and does not permit the guest to entrust his safety absolutely to the driver regardless of impending danger or apparent lack of ordinary caution on the part of the driver, it does not require the guest to use the same vigilance as is required of the driver, nor put him under the same obligation to look for danger as is the driver.

"If you find that the plaintiff failed to exercise ordinary care and prudence, and that such failure on her part proximate-

ly contributed to her injuries, your verdict should be for the defendant.

"The doctrine of imputed negligence has no application in Ohio. The court charges you that even though you should find that Alfred W. Friede, the driver of the Lincoln car in which plaintiff was riding at the time she was injured was guilty of some negligence which directly and proximately contributed to the plaintiff's injuries, the plaintiff is, nevertheless, entitled to a verdict at your hands, and it will be your duty to find in her favor, if you find from the evidence that the defendant was guilty of one or more of the negligent acts charged against him in the petition and that such negligence on his part directly and proximately caused or contributed to cause plaintiff's injury, and you further find that plaintiff herself was free from negligence which directly and proximately contributed thereto."

Inasmuch as contributory negligence was not put in issue by the pleadings, the jury should have been told that if the evidence offered in support of the plaintiff's claim gives rise to a reasonable inference that the plaintiff's own negligence contributed proximately to her injury, then the plaintiff, in order to recover, must produce evidence sufficient to equal or dispel the inference, etc. The charge as given, therefore, presupposes as a matter of law that such inference should be drawn. The jury should also have been told that while the law requires a guest riding in an automobile to exercise ordinary care and prudence for his own safety and does not permit the guest to entrust his safety absolutely to the driver, regardless of impending danger, or apparent lack of ordinary caution on the part of the driver, it does not require the guest to use the same diligence as is required of the driver or put him under the same obligation to look for danger as the driver. *Hocking Valley Ry. Co. v. Wykle*, 122 Ohio St., 391, 171 N. E., 860; *Bush, Admr., v. Harvey Transfer Co.*, 146 Ohio St., 657, 67 N. E. (2d), 851. Under the two-issue rule, however, any error in that portion of the charge relating to contributory negligence must be disregarded. *Bush, Admr., v. Harvey Transfer Co., supra.*

The court also charged the jury as follows:

"I say to you, ladies and gentlemen, as a matter of law,

that it was the duty of the driver of the Lincoln automobile, Alfred W. Friede, before turning or changing his course immediately prior to the collision in question, to make sure that such movement could be made in safety and to cause a signal to be made of his intention to change his course in a way visible outside the vehicle. And if, from the evidence in this case, you find that the driver of the Lincoln automobile changed his course prior to the collision without making sure that such movement could be made in safety, or failed to cause a signal to be made of his intention to change his course in a way visible outside his vehicle, and you further find from the evidence that such failure either to make sure that such movement could be made in safety or to cause a signal to be made of his intention to change his course in a way visible outside his vehicle, was a proximate and direct cause of the collision in question, then your verdict must be in favor of the defendant.''

This portion of the charge was taken from *Garvin* v. *Emmerich*, 17 Ohio Law Abs., 678. This charge was based upon former Section 6310-27, General Code, which has been subsequently changed by Section 6307-38, General Code (Section 4511.39, Revised Code), providing that no person shall turn a vehicle from a direct course upon a highway until such person has exercised due care to ascertain that the movement can be made with reasonable safety, etc. The charge as given imports that the failure of the driver to make sure, etc., is negligence per se. The Supreme Court has recently held that the provisions of this section are not specific requirements, the violation of which constitute negligence per se. *Eisenhuth* v. *Moneyhon*, 161 Ohio St., 367, 119 N. E. (2d), 440. Therefore, that portion of the charge is prejudicial to the plaintiff.

In *Garvin* v. *Emmerich, supra,* the charge in question was given at the request of the defendant and related to the driver of plaintiff's vehicle. It was therefore proper for the court to charge that, if the jury found that the driver failed to comply with the statute and that such failure was a proximate cause of the collision, the verdict must be in favor of the defendant. In our opinion, in the instant case, it was proper to charge with respect to the failure of plaintiff's driver to comply with the

provisions of Section 4511.39, Revised Code. But to say that, if the jury found such failure was a proximate and direct cause of the collision, then its verdict must be in favor of the defendant, was prejudicial to plaintiff.

In an action for personal injuries alleged to have resulted from defendant's negligence, the defendant may prove, under his general denial, that the injuries were caused by the negligence of a third person and in such case it is proper for the court to charge the jury that if they find such driver guilty of negligence, such negligence can not be imputed to a plaintiff who was a guest, but that the defendant is not liable if the jury should find that such negligence of the driver was the sole cause of the collision, with the added qualification that the defendant is liable if the jury should find that the defendant was guilty of any negligence which proximately caused or contributed to the collision and the injuries resulting therefrom. *Schreiber* v. *National Smelting Co.,* 157 Ohio St., 1, 104 N. E. (2d), 4.

There being error prejudicial to the plaintiff, the judgment of the Court of Common Pleas is reversed and the cause is remanded thereto for a new trial, costs to abide final judgment.

*Judgment reversed.*

CONN and DEEDS, JJ., concur.